Case 5:14-cv-00391-DSF-JEM   Document 1   Filed 02/28/14   Page 1 of 9   Page ID #:47

COPY
FILED
2014 FEB 28 PM 2:45
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

BY FAX

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

Guadalupe Hernandez

    Plaintiff,

v.

IOE Final Recovery, Inc. dba Corporate Trust Recovery

    Defendant.

Case No.: EDCV14-00391 DSF (JEM)

Judge:

**VERIFIED COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiff, Guadalupe Hernandez, ("Guadalupe"), is a natural person who resided in Riverside, California, at all times relevant to this action.

2. Defendant, IOE Final Recovery, Inc. dba Corporate Trust Recovery, ("CTR"), is a California Corporation that maintained its principal place of business in Fullerton, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788

Complaint - 1

*et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, CTR engaged in the business of consumer debt collection.

7. CTR regularly uses the telephone and mail to collect consumer debts that CTR either purchased or had been hired to collect.

8. The principal source of CTR's revenue is debt collection.

9. CTR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. CTR is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

11. As described below, CTR contacted Guadalupe about an obligation that Guadalupe allegedly owed to Spruce Village, which had been incurred for personal rather than commercial purposes.

12. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

14. As described below, CTR attempted to collect the debt from Guadalupe, and in so doing, has alleged that Guadalupe owed the debt.

15. Guadalupe is a "consumer" as defined by 15 U.S.C. §1692a(3).

16. Around July 2013, CTR engaged in collection abuse by contacting Guadalupe's place of employment – a place known to be inconvenient by all reasonable people -- in an attempt to collect a debt.

17. After contacting Guadalupe's place of employment in an attempt to speak with Guadalupe, CTR also began contacting Guadalupe on her cellular phone in connection with the collection of the debt.

18. On numerous occasions, Guadalupe requested CTR cease further calls to her place of employment.

19. Initially, CTR contacted Guadalupe on her cellular phone numerous times in an attempt to collect the debt; however, beginning in September 2013, CTR called Guadalupe more frequently.

20. During one communication, Guadalupe requested CTR contact her on her cellular phone only during her lunch break, 12:30 P.M.-1:00 P.M.

21. Despite this request, on more than one occasion, CTR contacted Guadalupe on her cellular phone at a time other than the requested time period and left rude voice messages.

22. Around August 2013, Guadalupe notified CTR she would not be able to pay the $200 per month Guadalupe had originally agreed on because Guadalupe was going to be on maternity leave and could not afford the payment.

23. During this communication, Guadalupe told CTR she could pay $100 per month.

24. In response to Guadalupe informing CTR she had to reduce her payment amount, CTR started screaming at Guadalupe and stated CTR didn't work that way and it would be going against company policy.

25. During this communication, Guadalupe again attempted to explain she couldn't afford the $200 per month at which time CTR threatened Guadalupe by saying something substantially similar to, "We will find out where you work, get access to your bank accounts, find out what property you own and take it from you."

26. CTR has not obtained access to Guadalupe's bank accounts.

27. CTR never intended to access Guadalupe's bank account.

28. CTR has not taken Guadalupe's property.

29. CTR never intended to take Guadalupe's property.

30. In September 2013, Guadalupe informed CTR she was represented by an attorney and provided her attorney's information and demanded CTR cease further calls to Guadalupe.

31. Despite this notice, CTR continued to contact Guadalupe on her cellular phone in connection with the collection of the debt.

32. CTR caused Guadalupe severe emotional distress.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

33. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

35. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

39. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT FIVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

41. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. §1692c(a)(1).

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT SIX

### Violation of the Rosenthal Fair Debt Collection Practices Act

43. Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692c(a)(2).

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

45. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. §1692d.

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

47. Defendant violated California Civil Code § 1788.17 by violating 15 U.S.C. §1692f.

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

## JURY DEMAND

49. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

50. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By: /s/ Art Matthews
One of Plaintiff's Attorneys

*Of Counsel*
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: 310-556-9620

## CERTIFICATION FOR VERIFICATION

I, Guadalupe Hernandez, swear under penalties of perjury that that the foregoing allegations in the Verified Complaint are true and correct to the best of my knowledge. I declare under penalties of perjury that the foregoing is true and correct.

Date:\_\_\_\_

*Guadalupe Hernandez*
Guadalupe hernandez (Feb 7, 2014)

Guadalupe Hernandez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Dale S. Fischer__ and the assigned Magistrate Judge is __John E. McDermott__.

The case number on all documents filed with the Court should read as follows:

### EDCV14-00391-DSF(JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 28, 2014
Date

By  A. Duke
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

COPY BY FAX

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Guadalupe Hernandez

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
IOE Final Recovery, Inc. dba Corporate Trust Recovery

**(b) County of Residence of First Listed Plaintiff**: Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant**:
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone: 310-556-9620

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: EDCV14-00391 DSF (JEMx)

CV-71 (11/13)     CIVIL COVER SHEET     Page 1 of 3